IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IKEM HARLAND,

   *Plaintiff,*

vs.

   Case No. 21-CV-02060-EFM-JPO

KANSAS CITY, KANSAS POLICE
DEPARTMENT,

   *Defendant.*

**MEMORANDUM AND ORDER**

  Proceeding pro se, Plaintiff Ikem Harland filed suit against the Kansas City, Kansas Police Department ("the Police Department") alleging false arrest and abuse while he was incarcerated. Now before the Court is the Police Department's Motion to Dismiss (Doc. 27). For the reasons explained below, the Court grants the Police Department's motion.

  **I.**  **Factual and Procedural Background**

  Harland filed suit on February 3, 2021, naming the Police Department as the sole defendant in the case. Because Harland requested to proceed *in forma pauperis*, the Court was required by 28 U.S.C. § 1915(e)(2) to screen Harland's Complaint to see if it stated a claim upon which relief could be granted. Finding that Harland's Complaint failed to assert a basis for subject-matter jurisdiction and failed to state any pertinent dates or facts surrounding his alleged false arrest and

abuse, the Court ordered Harland to show cause why his case should not be dismissed for lack of subject-matter jurisdiction and failure to state a claim.

Shortly thereafter, Harland filed a response to the order asserting that he was arrested on May 2, 2019, and alleging additional factual detail surrounding the arrest. He further alleged that unnamed staff members and correctional officers at an unnamed jail harassed and abused him. Finding the response adequate at least as to Harland's claims against the Police Department, the Court issued a summons to the Police Department. The Court also noted, however, that it remained unclear who Harland intended to sue, and what causes of action Harland intended to bring against which defendants. The Court therefore ordered Harland to file a notice indicating the people he sought to name as defendants and the specific causes of actions he intended to bring against them.

In response, Harland filed a document (1) listing various officers that he would like to sue for "ma[king] the fake video and sign[ing] the witness statement" and (2) stating that he intended to sue Wyandotte County Corrections officers for "feeding [him] sack lunch three times a day for a month and a half," "[b]odily harm," "using psychological warfare tactics," and reporting "a false charge of a stabbing self-defense" against him.[1] The document contained no other information, nor listed specific causes of action that Harland intended to assert against the named officers.

The Court issued a new order explaining that Harland must file an amended complaint in order to name new defendants. The Court notified Harland that he must list each new defendant in the case caption and then set forth numbered paragraphs explaining the actions of each defendant giving rise to Harland's claims. The Court directed Harland to file his amended complaint by March 18, 2021. On March 18, Harland did not file an amended complaint, but instead filed a

---

[1] Doc. 11.

"Response" notifying the Court that he had subpoenaed corrections officers and had additional defendants he wished to name, but that he was having trouble getting the names. The Court extended Harland's deadline to file his amended complaint to April 2, 2021.

On April 2, Harland filed an uncaptioned document containing only numbered paragraphs stating various allegations against several John and Jane Does. Although the allegations appear to relate to Harland's treatment while incarcerated, the document does not contain any relevant dates or list any causes of action that Harland intends to assert against the John and Jane Does. Based on this filing, the Court was satisfied that service of process could commence but noted that Harland had failed to provide all the necessary information to issue the summonses. The Court therefore directed Harland to provide addresses for the defendants by April 20, 2021. Harland did not provide a list of addresses by that date, nor any explanation to the Court of his efforts to obtain such addresses. The Court therefore directed the clerk to re-issue a summons to the Police Department and to terminate the John and Jane Does as defendants in the case.

The Police Department now moves to dismiss Harland's claims against it, asserting lack of subject-matter jurisdiction, failure to state a claim upon which relief can be granted, insufficient process, and insufficient service of process.

## II.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[2] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a

---

[2] Fed. R. Civ. P. 12(b)(6).

claim to relief that is plausible on its face.' "[3]  A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[4]  The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[5]  Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[6]

Because Plaintiff appears pro se in this case, the Court must liberally construe his pleadings.[7]  If a court can reasonably read a pro se complaint in such a way that it could state a claim on which the plaintiff could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with pleading requirements."[8]  The Court, however, is not an advocate for the pro se litigant.[9]  "Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[10]

---

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[6] *Iqbal*, 556 U.S. at 678–79.

[7] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [the plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Id*.

[10] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).

### III.     Analysis

Looking to Harland's Complaint and even liberally construing Harland's filing at Doc. 17 as an Amended Complaint, Harland has failed to state a claim against the Police Department. Although Harland's pleadings are not held to the standard of a trained lawyer, the Court must "nonetheless rely on the plaintiff's statement of his own cause of action."[11]  Here, Harland has stated that he was arrested on false charges and spent seven months in jail being abused. The Court presumes that Harland intended to bring a claim for violation of his constitutional rights under 42 U.S.C. § 1983 and a common law claim for false arrest under Kansas law, but it cannot "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[12]

Harland's pleadings do not assert the circumstances surrounding the false charges or provide any factual basis tying the Police Department or its employees to the misconduct in the jail. Further, Harland briefly asserts tortious conduct by various John and Jane Does but fails to state whether the John and Jane Does were employed by the Police Department or provide any detail regarding the dates or circumstances of the tortious events. Thus, Harland has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]  Harland's claim against the Police Department is therefore dismissed.

---

[11] *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1024 (10th Cir. 2012) (citation and internal quotation marks omitted).

[12] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[13] *Iqbal*, 556 U.S. at 678.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 27) is **GRANTED.**

**IT IS SO ORDERED.**

This case is closed.

Dated this 3rd day of November, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE